IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
WINDAL COX, et al.,           )
                              )
              Plaintiffs,     )   Civil Action No. 05-1712
                              )
    v.                        )   Magistrate Judge Caiazza
                              )
RONALD PATE, et al.,          )
                              )
              Defendants.     )
```

**OPINION AND ORDER**

**I.   OPINION**

For the reasons that follow, the Defendants' Motion for Summary Judgment (Doc. 31) will be granted.

**BACKGROUND**

The Plaintiffs Windal Cox and Tamika McAfee bring this civil rights action claiming damages based on their alleged subjection to an unreasonable search at the hands of the Defendants. *See generally* Compl. (Doc. 1) at ¶¶ 1-2 (citing 42 U.S.C. §§ 1983, 1888, 4th and 14th Amendments). They seek to recover for both the unlawful search (*see* Counts III-IV) and their resulting alleged false arrest and imprisonment (Counts I-II). *Id.*

In December 2003, and based on information provided by a confidential informant, Defendant Robert Pate ("Officer Pate") obtained a warrant to search a local hotel room believed to be used for drug trafficking. *See generally id.* at ¶ 8.

The warrant was issued by a presiding district justice, and the search resulted in the seizure of crack cocaine, firearms, and U.S. currency.  *See id.* at ¶ 13.  The Plaintiffs were arrested, detained, and later prosecuted in the United States District Court for the Western District of Pennsylvania.  *Id.* at ¶ 14.

In the criminal proceedings, Mr. Cox's counsel filed a motion to suppress the seized evidence, arguing the warrant lacked the support of probable cause.  *Id.* at ¶ 17.  District Judge Gary L. Lancaster granted the motion, the evidence was suppressed, and the criminal charges against the Plaintiffs subsequently were dismissed.  *See id.* at ¶¶ 18-20.

The Plaintiffs now seek money damages for violations of their right to be free from unreasonable searches, their loss of liberty, resulting mental anguish, embarrassment and humiliation. *See id.* at ¶¶ 21(a)-(c).

## **ANALYSIS**

In moving for summary judgment, the Defendants make various arguments regarding the existence of probable cause, the Plaintiffs' inability to state claims against the City of Butler, and the protections of the Eleventh Amendment and sovereign immunity.  *See generally* Defs.' Br. (Doc. 32). The parties also cite the Court of Appeals for the Third Circuit's decision in <u>Hector v. Watt</u>, 235 F.3d 154 (3d Cir. 2000).  *See* Defs.' Br. at 5; Pls.' Opp'n Br. (Doc. 38) at 2.

The analyses in this binding Third Circuit opinion are germane to the disputes at bar, so the court will focus its attention on said decision.

In most respects, the facts in <u>Hector</u> are materially indistinguishable from those in the present case. There, a search of the plaintiff's airplane resulted in the seizure of large quantities of hallucinogenic mushrooms. *Id.* at 155. In his criminal case, the plaintiff successfully argued that the search violated his Fourth Amendment rights, the seized evidence was suppressed, and the criminal charges dismissed. *Id.* The plaintiff filed a Section 1983 action, seeking to recover expenses he incurred in defending the criminal prosecution. *Id.*

In affirming the district court's denial of recovery, the Third Circuit Court explained the types of injury compensable based on the execution of an unsupported search warrant:

> The evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil at all. . . . <u>Townes v. City of New York</u>, 176 F.3d 138, 148 (2d Cir. 1999). . . . [D]amages for an unlawful search should not extend to post-indictment legal process, for the damages incurred in that process are too unrelated to the Fourth Amendment's privacy concerns. We agree with <u>Townes</u> [that v]ictims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy -- including (where appropriate) damages for physical injury, property damage, injury to reputation, *etc.*; but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution.

*Id.* at 157-58 (some citations and internal quotations omitted).

While the <u>Hector</u> Court provided thorough and eloquent explanations for this rule, the <u>Townes</u> decision upon which it relied arguably cuts to the chase:

> No Fourth Amendment value would be served if [the plaintiff], who illegally possessed firearms and narcotics, reaps the financial benefit he seeks.  [He] has already reaped an enormous benefit by reason of the illegal seizure and search to which he was subjected: his freedom, achieved by the suppression of evidence obtained in violation of the Fourth Amendment.  That benefit . . . is merely incidental to the purpose of suppression, which is to compel law enforcement compliance with the Fourth Amendment and thereby prevent the invasions of law-abiding citizens' privacy. . . .
>
> Now [the plaintiff] seeks damages to compensate him for his conviction and time served, on top of the benefit he enjoys as a result of the suppression.  That remedy would vastly overdeter police officers and would result in a wealth transfer that is peculiar, if not perverse.

*Id.*, 176 F.3d at 148 (citations and internal quotations omitted); *see also* <u>Hector</u>, 235 F.3d at 160 ("[t]he resources any community has to devote to police protection are scarce," and "calibrating liability" through reference to subsequent criminal prosecution "would misallocate those limited resources" and result in "damages [significantly] out of proportion to the privacy invasion") (citation omitted).

Under Hector, the Plaintiffs here may recover not from injuries flowing "from the discovery of incriminating evidence and [the] consequent criminal prosecution," but only those "directly related to the invasion of their privacy," including "where appropriate" damages for physical injury, property damage, or injury to their reputation. *See* discussion *supra*. Having reviewed the pleadings and the entire record, no such injuries have been claimed or proven by the Plaintiffs.

The closest they come are the Complaint's references to harm(s) to their "reputation." *See id.* at ¶¶ 43, 49. Such injury is actionable only "where appropriate," *see* discussion *supra*, and it would not be appropriate here. There is no evidence, nor can it be reasonably inferred, that reputational damage resulted from the unlawful search itself. To the contrary, any damage to the Plaintiffs' reputation must have related to what was found, namely drugs, guns and money. *See* discussion *supra*. If any harm resulted, it came "from the discovery of incriminating evidence and consequent criminal prosecution," injury not compensable under Hector.[1]

---

[1] This is not a case, for example, where a long time, small town resident has a DEA task force excitedly break down the door to his or her private residence with a battering ram, while a neighbor in hair curlers watches the affair over the fence and later gossips about it all over town. Presuming such a search yielded little or no evidence of criminal activity, this type of victim may have a legitimate claim for reputational damage based on the unlawful search. In this case, though, the search was conducted in a hotel room rented by the Plaintiffs, the warrant was executed at 12:30 in the morning, and there is no evidence it was witnessed by familiar bystanders.

The Plaintiffs have not pled or proven actionable injury based on the unlawful search. And while the above discussions certainly inform the court's analyses regarding allegations of false arrest and imprisonment, they are not dispositive of those claims. *See* Hector, 235 F.3d at 157 (restricting holding to claimed injuries from "post-indictment legal process") (emphasis added).

The record reveals that both Plaintiffs were incarcerated for a period of time preceding the federal grand jury's return of an indictment. *Compare* Compl. at ¶¶ 15, 16 (Mr. Cox was incarcerated from December 14, 2003 until December 3, 2004, and Ms. McAfee for one day on December 14, 2003) *with* Doc. 31-2 (docket sheet for criminal case, indicating federal indictment was returned on April 20, 2004). The question remains whether the Plaintiffs may proceed under a false arrest/imprisonment theory based on their pre-indictment detention. Under their opposition papers and the law, they may not.

In opposing summary judgment, the Plaintiffs rely exclusively on the lack of probable cause regarding the search warrant. *See* Pls.' Opp'n Br. at 6-17. Counsel makes no comprehensible argument that the Defendants lacked probable cause

---

Any damage to the Plaintiffs' reputation here would, almost necessarily, flow from what the search uncovered and the resulting criminal charges, and they have failed to introduce any allegations or evidence to the contrary.

to arrest and detain the Plaintiffs.  Rather, counsel is willing to concede the point with respect to Mr. Cox.  *See id.* at 4 (stating "[the] Plaintiffs do . . . concede that [Officer] Pate had probable cause to charge and arrest [Mr.] Cox," although for reasons unexplained they "do not concede . . . probable cause to charge and arrest [Ms.] McAfee").

Even absent this concession, the law is clear that the unlawful search did <u>not</u> vitiate the probable cause to arrest and detain the Plaintiffs.  As explained in <u>Hector</u>, the exclusionary rule allowing their escape from criminal prosecution "is not a personal constitutional right of the party aggrieved."  *Id.* at 158 (citations and internal quotations omitted).  Rather, "the courts that have addressed the issue have uniformly concluded . . . the exclusionary rule is not applicable in a § 1983 action."  <u>Padilla v. Miller</u>, 143 F. Supp.2d 479, 491 (M.D. Pa. 2001) (collecting cases); *see also id.* at 490 (rejecting false arrest and imprisonment claims under materially similar circumstances because "[p]robable cause for the decision to arrest [the plaintiff] on weapons and narcotics charges would be lacking only if the evidence found during the unconstitutional search . . . was excluded"); *see also, e.g.*, <u>Konopka v. Borough of Wyoming</u>, 383 F. Supp.2d 666, 675 (M.D. Pa. 2005) ("[w]hile the fruits of the allegedly illegal search may be inadmissible in criminal proceedings under the exclusionary rule, the illegality

of said search does not vitiate the existence of probable cause" for arrest where it otherwise exists); Hector, 235 F.3d at 158 (declining to "continue[] application of the exclusionary rule" recognized in criminal proceeding to plaintiff's civil suit).

The Plaintiffs have conceded that probable cause existed to arrest Mr. Cox. *See* discussion *supra*. Even absent this concession, counsel has made no showing that probable cause was lacking when considering all of the evidence against the Plaintiffs, including the unlawfully seized property (which, as stated above, is not shielded under the exclusionary rule).[2]

For all of the reasons stated above, the Defendants are entitled to summary judgment regarding the Plaintiffs' substantive claims based on the unlawful search and their purported false arrest and imprisonment. *See* Compl. at Counts I-VI. Having failed to demonstrate a violation of their civil rights, their claims against the City of Butler also fail. Williams v. Borough of West Chester, 891 F.2d 458, 467 (3d Cir. 1989) ("[a] municipality may be liable under [S]ection 1983 only if . . . its employees violated a plaintiff's civil rights").

---

[2] Herein, the undersigned has presumed that District Judge Lancaster correctly concluded the search warrant lacked the support of probable cause and he properly suppressed the seized evidence in the criminal proceeding. To be clear, this presumption is unnecessary for the purposes of the court's analyses in this civil case. *See* Hector, 235 F.3d at 158 ("We are not of course drawing into question whether the exclusionary rule was properly applied in [the plaintiff's] criminal case.").

Consistent with the above Opinion, the court enters the following:

## II. <u>ORDER</u>

The Defendants' Motion for Summary Judgment (**Doc. 31**) is hereby **GRANTED**.

IT IS SO ORDERED.

February 27, 2007

*Francis X. Caiazza*
Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

Robert E. Mielnicki, Esq.
Robert A. Willig, Esq.
Mariah Passarelli, Esq.